UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
WAUSAU BUSINESS INSURANCE
COMPANY and WAUSAU GENERAL INSURANCE
COMPANY,

                     Plaintiffs,

-against-

CLOVES LAKES HEALTH CARE AND
REHABILITATION CENTER, INC.,

                     Defendant.
------------------------------------------------------------------x

Civil Action No. 1:17-cv-01225

**COMPLAINT**

**M A D A M S/S I R S:**

       Plaintiffs WAUSAU BUSINESS INSURANCE COMPANY ("Wausau Business") and WAUSAU GENERAL INSURANCE COMPANY ("Wausau General"), by their attorneys, JAFFE & ASHER LLP, as and for their Complaint against defendant CLOVES LAKES HEALTH CARE AND REHABILITATION CENTER, INC. ("Clove Lakes"), allege as follows:

## THE PARTIES

       1.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) by reason of the diversity of citizenship of the parties and the fact that the amounts in controversy exceed the sum of $75,000 exclusive of costs. This is an action for damages based upon breach of contract.

       2.     At all times hereinafter mentioned, Wausau Business was, and still is, a stock insurance company organized under the laws of the State of Wisconsin, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116.

1

3. At all times hereinafter mentioned, Wausau Business was, and still is, an insurance company duly authorized to conduct business within the State of New York.

4. At all times hereinafter mentioned, Wausau General was, and still is, stock insurance company organized under the laws of the State of Wisconsin, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116.

5. At all times hereinafter mentioned, Wausau General was, and still is, an insurance company duly authorized to conduct business within the State of New York.

6. Upon information and belief, at all times hereinafter mentioned, Clove Lakes was, and still is, a corporation organized under the laws of the State of New York, with its principal place of business located at 25 Fanning Street, Staten Island, New York 10952.

7. Upon information and belief, at all times hereinafter mentioned, Clove Lakes was, and still is, in the business of owing and running a health care and rehabilitation center.

### AS AND FOR A FIRST CLAIM FOR RELIEF
**(Breach of Contract – 2016 Retrospective Adjustment)**

8. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "7" of this Complaint as through fully set forth at length herein.

9. At the special instance and request of Clove Lakes, Wausau Business issued a Workers Compensation and Employers Liability Insurance Policy, No. WCK-Y91-443783-016, with a policy period from November 21, 2006 to November 21, 2007, to Clove Lakes as the Named Insured (the "2006-07 Policy").

10. At the special instance and request of Clove Lakes, Wausau Business issued a Workers Compensation and Employers Liability Insurance Policy, No. WCK-Y91-443783-017, with a policy period from November 21, 2007 to November 21, 2008, to Clove Lakes as the Named Insured (the "2007-08 Policy").

11. At the special instance and request of Clove Lakes, Wausau General issued a Workers Compensation and Employers Liability Insurance Policy, No. WCH-Y91-443783-018, with a policy period from November 21, 2008 to November 21, 2009, to Clove Lakes as the Named Insured (the "2008-09 Policy").

12. At the special instance and request of Clove Lakes, Wausau General issued a Workers Compensation and Employers Liability Insurance Policy, No. WCH-Z91-443783-019, with a policy period from November 21, 2009 to November 21, 2010, to Clove Lakes as the Named Insured (the "2009-10 Policy")(the 2006-07 Policy, 2007-08 Policy, 2008-09 Policy. and the 2009-10 Policy shall be collectively referred to herein as the Wausau Policies.

13. The premiums for each of the Wausau Policies are determined, in part, based upon Clove Lakes' payroll during the policy period and the classification of each employee's employment.

14. Plaintiffs duly conducted audits of the Clove Lakes' payroll for each of the policy periods of the Wausau Policies, and Clove Lakes has not raised any issues or objections to the audit results.

15. In addition, pursuant to a series of agreements entitled "Retrospective Premium Endorsement Large Risk Alternative Rating Option," which Clove Lakes signed for and are part of each of the Wausau Policies, Clove Lakes and plaintiffs agreed that the premiums would be based, in part, upon Incurred Losses under each of the Wausau Policies (the "Retrospective Premium").

16. Clove Lakes agreed that the Retrospective Premium would be calculated annually, and Cloves Lakes agreed to pay Retrospective Premium when invoiced.

17. Plaintiffs invoiced the retrospective adjustments together, and requested payment in a single payment to a single payee, "Liberty Mutual Insurance".

18. Clove Lakes has satisfied and paid all Retrospective Premium obligations for the respective adjustments that occurred prior to 2015.

19. On or about May 16, 2016, plaintiffs issued their 2016 retrospective adjustment invoice, which consisted of the Ninth Retrospective Adjustment for the 2006-07 Policy, the Eight Retrospective Adjustment for the 2007-08 Policy, the Seventh Retrospective Adjustment for the 2008-09 Policy, and the Sixth Retrospective Adjustment for the 2009-10 Policy (the "2016 Retrospective Adjustment").

20. The 2016 Retrospective Adjustment was based upon a May 1, 2016 valuation date claims.

21. As a result of the 2016 Retrospective Adjustment, the sum of $21,967 became due and owing to plaintiffs by Clove Lakes.

22. Pursuant to the invoice, dated May 16, 2016, the payment for 2016 Retrospective Adjustment was due on June 5, 2016.

23. Although duly demanded, Clove Lakes has failed and refused to pay the $21,967 due and owing for the 2016 Retrospective Adjustment

24. By reason of the foregoing, plaintiffs have sustained damages of $21,967, plus interest at 9% per annum from June 5, 2016.

### AS AND FOR A SECOND CLAIM FOR RELIEF
(Breach of Contract – 2015 Retrospective Adjustment)

25. Plaintiffs repeat and reallege each and every allegation contained in paragraph "1" through "24" of this Complaint as though fully set forth at length herein.

26. On or about May 18, 2015, plaintiffs issued their 2015 retrospective adjustment invoice, which consisted of the Eighth Retrospective Adjustment for the 2006-07 Policy, the Seventh Retrospective Adjustment for the 2007-08 Policy, the Sixth Retrospective Adjustment for the 2008-09 Policy, and the Fifth Retrospective Adjustment for the 2009-10 Policy (the "2016 Retrospective Adjustment").

27. The 2015 Retrospective Adjustment was based upon a May 1, 2015 valuation date claims.

28. As a result of the 2015 Retrospective Adjustment, the sum of $268,853 became due and owing to plaintiffs by Clove Lakes.

29. Pursuant to the invoice, dated May 18, 2015, the payment for 2015 Retrospective Adjustment was due on June 7, 2015.

5

30. Although duly demanded, Clove Lakes has failed and refused to pay the $268,853 due and owing for the 2015 Retrospective Adjustment, except for the sum of $137,477, leaving the sum of $131,376 due and owing to plaintiffs for the 2015 Retrospective Adjustment.

31. By reason of the foregoing, plaintiffs have sustained damages of $131,376, plus interest at 9% per annum from June 7, 2015.

**WHEREFORE**, plaintiffs WAUSAU BUSINESS INSURANCE COMPANY and WAUSAU GENERAL INSURANCE COMPANY demand judgment as follows:

A. On the first claim for relief, a Judgment against defendant CLOVES LAKES HEALTH CARE AND REHABILITATION CENTER, INC. in the sum of $21,967, plus interest at 9% per annum from June 5, 2016;

B. On the second claim for relief, a Judgment against defendant CLOVES LAKES HEALTH CARE AND REHABILITATION CENTER, INC. in the sum of $131,376, plus interest at 9% per annum from June 7, 2015; and

C.   Granting plaintiffs the costs and disbursements of this action, together with such other and further relief as this Court deems just and proper.

Dated: New York, New York
       March 3, 2017

>                                    Yours, etc.
>
>                                    JAFFE & ASHER LLP
>
>                                    By: _____
>                                    Marshall T. Potashner, Esq.
>                                    Glenn P. Berger, Esq.
>                                    Attorneys for Plaintiffs
>                                    WAUSAU BUSINESS INSURANCE
>                                    COMPANY and WAUSAU GENERAL
>                                    INSURANCE COMPANY
>                                    600 Third Avenue, 9th Floor
>                                    New York, New York 10016
>                                    (212) 687-3000